UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIREYA QUINTANA GARCILAZO,<br><br>Petitioner,<br><br>v.<br><br>SAM OLSON, et al.,<br><br>Respondents. | No. 25 CV 13321<br><br>Judge Georgia N. Alexakis |

## ORDER

Before the Court is a petition for a writ of habeas corpus filed by petitioner Mireya Quintana Garcilazo. [1]. According to the petition, Quintana Garcilazo is a Mexican citizen who was arrested without a warrant by Immigration and Customs Enforcement ("ICE") on October 30, 2025. [1] ¶¶ 3, 13. The petition goes on to assert that Quintana Garcilazo has been detained in an ICE facility in Broadview, Illinois, since then, without the opportunity for a bond hearing before an immigration judge. *Id.* ¶ 31. In the meantime, Quintana Garcilazo maintains, she has been unable to breastfeed her 10-month-old daughter, who "is fully dependent on [her mother] to eat and survive." *Id.* ¶ 24.

Earlier today, the Court held an emergency hearing on this matter [2], granted Quintana Garcilazo's petition in an oral ruling, and ordered her released immediately [3]. The Court explained that the exigent circumstances here were "particularly extreme" given that a nursing mother had been separated from her infant child. During the hearing, attorneys for the respondents represented that, following the hearing, they would be able to quickly ascertain whether additional facts or arguments warranted further deliberation by the Court. In a subsequent minute order, the Court explained that if respondents "want[ed] the Court to reconsider its ruling and/or to ask the Court to consider arguments that differ from those arguments that respondent[s] [have] advanced in similar cases throughout the Northern District of Illinois," they could "submit a memorandum to that effect" shortly after the hearing. [3]. The government did not file any such memorandum.

The Court therefore presumes that the pertinent facts as set forth in the petition are true and further presumes that respondents' arguments reflect those articulated in a brief opposing a petition for a writ of habeas corpus filed in *H.G.V.U. v. Smith, et al.*, No. 25 C 10931 (N.D. Ill.). The same arguments presented in *H.G.V.U.* have been presented in numerous other cases in this District. In each of those cases,

the district courts have rejected respondents' arguments and granted the petitions for writs of habeas corpus. These decisions are cited *infra.*

This Court follows suit. For the reasons discussed below, and as articulated during the Court's emergency hearing on this matter, Quintana Garcilazo's petition is granted. [1].

STATEMENT

*Legal Background*

Earlier this year, the Department of Homeland Security ("DHS") issued a policy instructing all ICE employees to consider anyone who had entered the United States without inspection to be an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A), and therefore subject to mandatory detention without a bond hearing. The Board of Immigration Appeals ("BIA") later ruled that, under that same statute, immigration courts "lack authority to hear bond requests or to grant bond to [noncitizens] who are present in the United States without admission." *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216, 225 (BIA 2025).

*Factual Background*

Quintana Garcilazo entered the United States without inspection in 1998 and has not left the country since. [1] ¶¶ 21–22. She has no prior criminal history, no prior immigration record, and no history of nonappearance at immigration court proceedings. *Id.* ¶¶ 25–26. She has three children, all of whom are financially dependent on her. *Id.* ¶¶ 23–24. Two of them are United States citizens, and the youngest, who is ten months old, is still breastfeeding and fully dependent on Quintana Garcilazo for her survival. *Id.*

On October 30, 2025, immigration officials arrested Quintana Garcilazo without a warrant while she drove her taxi around O'Hare International Airport in Chicago, Illinois, *id.* ¶¶ 27–28, 52, and transported her to the Broadview Processing Center in Broadview, Illinois, *id.* ¶ 29. During the emergency hearing on this matter, Quintana Garcilazo's counsel represented that she is not able to express breastmilk while detained in the Broadview facility, thereby causing both her child and Quintana Garcilazo herself physical harm. Respondents did not rebut that representation. Instead, they conceded that are not aware of any lactation room or lactation-related equipment that would permit Quintana Garcilazo to express breastmilk while detained in Broadview. *Id.*

Quintana Garcilazo asks the Court to declare that her detention deprives her of due process, [1] at 11 ¶ 3; that her detention was in violation of statute and regulation, *id.* at 11 ¶ 4; and that her continued detention lacks statutory

authorization, *id.* at 11 ¶ 5; to issue a writ ordering the government to release her immediately, *id.* at 11 ¶ 6; to issue an Order prohibiting the government from transferring her from the district, *id.* at 11 ¶ 7; and to award her attorney's fees and costs under the Equal Access to Justice Act, *id.* at 11 ¶ 8.

### *Respondents*

The proper respondent to a petition for habeas corpus is the petitioner's "immediate custodian," who has authority to effectuate the petitioner's release—not the "Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 441 (2004). Therefore, all listed respondents except for Sam Olson, the Field Office Director for ICE's Chicago office, are dismissed from the petition and removed from the caption.

### *Jurisdiction*

The government argues that certain provisions of 8 U.S.C. § 1252 strip the Court of jurisdiction over this matter. However, Quintana Garcilazo only challenges the lawfulness of her current detention without the opportunity for bond. *See generally* [1]. Title 8, United States Code, Sections 1252(b)(9) and 1252(g) do not deprive the Court of jurisdiction because Quintana Garcilazo does not request review "of an order of removal," "the decision to detain [her] in the first place or to seek removal," or "any part of the process by which [her] removability will be determined." *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (§ 1252(b)(9) "does not present a jurisdictional bar" where petitioners "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined"); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (§ 1252(g) "applies only to three discrete actions that the Attorney General may take: her decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders" (cleaned up)).

Likewise, § 1252(a)(2)(B)(ii) does not deprive the Court of jurisdiction because Quintana Garcilazo requests review of the government's decision to detain her without the opportunity for bond, which is not an "action … in the discretion of the attorney General or the Secretary of Homeland Security." *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (the extent of the government's authority to detain someone under a detention statute is "not a matter of discretion").

### *Exhaustion*

Next, the Court excuses any requirement that Quintana Garcilazo exhaust administrative remedies. The BIA already rejected the challenge she raises here. *See Matter of Yajure Hurtado,* 29 I&N Dec. at 225 (holding that immigration courts "lack

3

authority to hear bond requests or to grant bond to [noncitizens] who are present in the United States without admission"). Because any appeal through the administrative process would end at the BIA's doorstep, Quintana Garcilazo is excused from this futile endeavor. *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (courts may excuse exhaustion where, among other things, "appealing through the administrative process would be futile because the agency … has predetermined the issue").

*Statutory Analysis*

Quintana Garcilazo argues that 8 U.S.C. § 1226(a) governs her detention as a noncitizen awaiting the outcome of removal proceedings, and that she is therefore entitled to a bond hearing. The government argues that § 1225(b)(2) governs her detention as a noncitizen "seeking admission," and that she is therefore not entitled to a bond hearing.

The Court rejects the government's argument for the same reasons set forth in *Ochoa Ochoa v. Noem et al.,* No. 25 CV 10865, 2025 WL 2938779, (N.D. Ill. Oct. 16, 2025) (Jenkins, J.). As explained in *Ochoa Ochoa*, § 1225 governs the detention of non-citizens "*seeking admission*" into the country. *Id.* at *9 (emphasis added). Section 1226 governs the detention of non-citizens *already in* the country. *Id.* at *10 (citing cases). Quintana Garcilazo has lived in the United States for nearly three decades. Though she may be an "applicant for admission," her years in this country indicate that she is not presently "seeking admission." *Id.* at *12–13 (distinguishing between an "applicant for admission" and a noncitizen "seeking admission").

The Court is not alone in its position. In addition to the court in *Ochoa Ochoa*, several other courts in this District have held that noncitizens already present in the United States are detained under § 1226(a)—not § 1225(b)(2). *See H.G.V.U. v. Smith*, 25 CV 10931, 2025 WL 2962610, at *6 (N.D. Ill. Oct. 20, 2025) (Coleman, J.); *G.Z.T. v. Smith*, 25 C 12802, Doc. 14 at 3 (N.D. Ill. Oct. 21, 2025) (Ellis, J.); *Miguel v. Noem*, 25 C 11137, 2025 WL 2976480, at *1 & n.1 (N.D. Ill. Oct. 21, 2025) (collecting cases) (Alonso, J.); *Padilla v. Noem*, 25 CV 12462, 2025 WL 2977742, at *2 (N.D. Ill. Oct. 22, 2025) (Coleman, J.); *Patel v. Crowley*, 25 C 11180, 2025 WL 2996787, at *9 (N.D. Ill. Oct. 24, 2025) (Cumming, J.); *Torres Maldonado v. Crowley*, 25-cv-12762, Doc. 16 at *2 (N.D. Ill. Oct. 24, 2025) (Daniel, J.); *Amigon Sanchez v. Olson*, 25 CV 12453, 2025 WL 3004580, at *3–4 (N.D. Ill. Oct. 27, 2025) (Jenkins, J.); *Corona Diaz v. Olson*, 25 CV 12141, 2025 WL 3022170, at *6 (N.D. Ill. Oct. 29, 2025) (Shah, J.).

As of the publication of this Order, the Court is not aware of any courts in this District that have held otherwise. Nor is it aware of a contrary decision from any court of appeals.

*Due Process*

The Court also holds that Quintana Garcilazo is entitled to due process rights under the Fifth Amendment, as she is a person within the United States. *Zadvydas*, 533 U.S. at 693 ("[O]nce a[ noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). The Court therefore applies the three-part framework set forth in *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976) (the determination as to what process is due requires a balancing of the private interest at stake in the deprivation; the risk of an erroneous deprivation and the value, if any, of additional procedural safeguards; and the government's countervailing interests).

Quintana Garcilazo's liberty and health as well as the health of her ten-month-old infant are at stake. The risk of depriving her and her incredibly young child of any of those interests is overwhelming, and the government has not suggested any procedural safeguards that could lessen that risk. Nor has the government set forth any countervailing interests: Indeed, the government should have its own "substantial interest in credible, transparent, and accountable law enforcement efforts. The government has an even greater interest in upholding the fundamental principles set forth in the U.S. Constitution, which includes the due process of law." *Torres Maldonado*, 25-cv-12762, Doc. 16 at *2.

The Court therefore holds that Quintana Garcilazo's detention deprives her of due process.

## CONCLUSION

For these reasons, the Court grants Quintana Garcilazo's petition for a writ of habeas corpus. [1]. As it did in its earlier oral ruling, [3], the Court orders that Quintana Garcilazo be immediately released from custody and that she be provided with a bond hearing pursuant to § 1226(a) within fourteen days of this order.

All respondents except for Sam Olson are dismissed from this matter. The Court declines to issue attorney's fees. Because this order provides the full relief to which Quintana Garcilazo is entitled, the Clerk shall enter a final judgment order in favor of petitioner and terminate this civil case.

Date: October 31, 2025

Georgia N. Alexakis
United States District Judge